United States Courthouse
Terry Sanford Federal Building
310 New Bern Avenue
Raleigh, NC 27601

RECEIVED
MAY 07 2013
JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC

# IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:13-cv-00084-BO

| | |
|---|---|
| MARIAN S GIBBONS | ) |
| | ) |
| Plaintiff, | ) |
| -v- | ) |
| | ) |
| GC SERVICES LIMITED PARTNERSHIP | ) |
| | ) |
| Defendant. | ) |

## AMENDED COMPLAINT

Plaintiff, MARIAN S GIBBONS, individually, hereby sues Defendant GC SERVICES LIMITED PARTNERSHIP (GC SERVICES) for violations of the Fair Credit Reporting Act (FCRA), the Fair Debt Collection Practices Act (FDCPA), the Telephone Communications Protection Act (TCPA) and the North Carolina Fair Debt Collection Practices Act (NCFDCPA).

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendants for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681, the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq*; the Telephone Communications Protection Act (TCPA) Sec. 227; 47 USC § 227(b)(1) and §

227(b)(1)(A)(iii); and the North Carolina Fair Debt Collection Practices Act (NCFDCPA) §58-70-110(2).

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for the Defendant. Plaintiff intends to propound discovery to Defendant identifying these other individuals who have suffered similar violations.

3. Plaintiff contends that the Defendant has violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged debt.

## JURISDICTION AND VENUE

4. Jurisdiction of the United States District Court for the Eastern District of North Carolina is proper under 28 U.S.C. §1331, 15 U.S.C. §1692 and 15 U.S.C. §1681p.

5. Venue is proper pursuant to 28 U.S.C. §1391b, 47 USC § 227e and N.C. Gen. Stat. §1-82. Venue in the United States District Court for the Eastern District of North Carolina is proper in that the Plaintiff resides here and the Defendant transacts business here..

6. This is an action for damages that exceed $40,000.00.

## PARTIES

7. The Plaintiff in this lawsuit is MARIAN S GIBBONS, an individual and a resident of the State of North Carolina.

8. Defendant, GC SERVICES LIMITED PARTNERSHIP (GC SERVICES,) is a foreign entity currently registered to do business in North Carolina with the North Carolina Department of the Secretary of State under SOSID 0000770.

## FACTUAL ALLEGATIONS

9. On September 6, 2012, GC SERVICES obtained access into information held in Plaintiff's Transunion consumer report credit report without acquiring express oral or written consent from Plaintiff.

10. Plaintiff has no prior established business relationship with Defendant, GC SERVICES.

11. Plaintiff has never received a bona fide offer of credit from Defendant, GC SERVICES.

12. Defendant, GC SERVICES, has made no offer of employment to Plaintiff.

13. Defendant, GC SERVICES, is not a current creditor to Plaintiff and there exists no current consumer account for which Defendant, GC SERVICES, would or could be monitoring.

14. Plaintiff has never placed a mortgage loan application with Defendant, GC SERVICES.

15. Plaintiff has never initiated a credit transaction with Defendant, GC SERVICES.

16. On September 7, 2012 at 9:45am, GC SERVICES, placed a telephone call from 201-297-5557 to Plaintiff's private telephone number 872-588-9170, which is assigned to a paging service or cellular phone for which the Plaintiff is charged.

17. On September 7, 2012 at 9:45am, GC SERVICES, used an automatic telephone dialing system to call Plaintiff's private telephone number 872-588-9170, which is assigned to a paging service or cellular phone for which the Plaintiff is charged.

18. On September 7, 2012 at 9:45am, GC SERVICES, placed a telephone call from 201-297-5557 to Plaintiff's private telephone number 872-588-9170, without prior express consent from Plaintiff.

19. On September 7, 2012 at 9:45am, the debt collector calling from GC SERVICES did not identify the call being made as an attempt to collect a debt.

20. On September 7, 2012 at 9:45am, the debt collector calling from GC SERVICES identified herself using a title and surname, but did not identify the company for whom she was calling.

21. On September 7, 2012 at 9:45am, the debt collector calling from GC SERVICES left a message requesting that the Plaintiff return the call to 919-283-0831.

22. On September 8, 2012 at 11:08am, GC SERVICES, placed a telephone call from 201-297-5557 to Plaintiff's private telephone number 872-588-9170, which is assigned to a paging service or cellular phone for which the Plaintiff is charged..

23. On September 8, 2012 at 11:08am, GC SERVICES, used an automatic telephone dialing system to call Plaintiff's private telephone number 872-588-9170, which is assigned to a paging service or cellular phone for which the Plaintiff is charged.

24. On September 8, 2012 at 11:08am, GC SERVICES, placed a telephone call from 201-297-5557 to Plaintiff's private telephone number 872-588-9170, without prior express consent from Plaintiff.

25. On September 8, 2012 at 11:08am, the debt collector calling from GC SERVICES did not identify the call being made as an attempt to collect a debt.

26. On September 8, 2012 at 11:08am, the debt collector calling from GC SERVICES identified herself using a title and surname, but did not identify the company for whom she was calling.

27. On September 8, 2012 at 11:08am, the debt collector calling from GC SERVICES left a message requesting that the Plaintiff return the call to 704-243-9225.

28. On September 12, 2012 at 9:21am, GC SERVICES, placed a telephone call from 201-297-5557 to Plaintiff's private telephone number 872-588-9170, which is assigned to a paging service or cellular phone for which the Plaintiff is charged..

29. On September 12, 2012 at 9:21am, GC SERVICES, used an automatic telephone dialing system to call Plaintiff's private telephone number 872-588-9170, which is assigned to a paging service or cellular phone for which the Plaintiff is charged.

30. On September 12, 2012 at 9:21am, GC SERVICES, placed a telephone call from 201-297-5557 to Plaintiff's private telephone number 872-588-9170, without prior express consent from Plaintiff.

31. On September 12, 2012 at 9:21am, the debt collector calling from GC SERVICES did not identify the call being made as an attempt to collect a debt.

32. On September 12, 2012 at 9:21am, the debt collector calling from GC SERVICES identified herself using a title and surname, but did not identify the company for whom she was calling.

33. On September 12, 2012 at 9:21am, the debt collector calling from GC SERVICES left a message requesting that the Plaintiff return the call to 847-941-0715.

34. On September 14, 2012 at 2:06pm, GC SERVICES, placed a telephone call from 201-297-5557 to Plaintiff's private telephone number 872-588-9170, which is assigned to a paging service or cellular phone for which the Plaintiff is charged..

35. On September 14, 2012 at 2:06pm, GC SERVICES, used an automatic telephone dialing system to call Plaintiff's private telephone number 872-588-9170, which is assigned to a paging service or cellular phone for which the Plaintiff is charged.

36. On September 14, 2012 at 2:06pm, GC SERVICES, placed a telephone call from 201-297-5557 to Plaintiff's private telephone number 872-588-9170, without prior express consent from Plaintiff.

37. On September 14, 2012 at 2:06pm, the debt collector calling from GC SERVICES did not identify the call being made as an attempt to collect a debt.

38. On September 14, 2012 at 2:06pm, the debt collector calling from GC SERVICES identified herself using a title and surname, but did not identify the company for whom she was calling.

39. On September 14, 2012 at 2:06pm, the debt collector calling from GC SERVICES left a message requesting that the Plaintiff return the call to 919-283-0831.

40. On September 18, 2012 at 5:12pm, GC SERVICES, placed a telephone call from 201-297-5557 to Plaintiff's private telephone number 872-588-9170, which is assigned to a paging service or cellular phone for which the Plaintiff is charged..

41. On September 18, 2012 at 5:12pm, GC SERVICES, used an automatic telephone dialing system to call Plaintiff's private telephone number 872-588-9170, which is assigned to a paging service or cellular phone for which the Plaintiff is charged.

42. On September 18, 2012 at 5:12pm, GC SERVICES, placed a telephone call from 201-297-5557 to Plaintiff's private telephone number 872-588-9170, without prior express consent from Plaintiff.

43. On September 18, 2012 at 5:12pm, the debt collector calling from GC SERVICES did not identify the call being made as an attempt to collect a debt.

44. On September 18, 2012 at 5:12pm, the debt collector calling from GC SERVICES identified herself using a title and surname, but did not identify the company for whom she was calling.

45. On September 18, 2012 at 5:12pm, the debt collector calling from GC SERVICES left a message requesting that the Plaintiff return the call to 847-941-0715.

46. On September 20, 2012 at 1:36pm, GC SERVICES, placed a telephone call from 201-297-5557 to Plaintiff's private telephone number 872-588-9170, which is assigned to a paging service or cellular phone for which the Plaintiff is charged..

47. On September 20, 2012 at 1:36pm, GC SERVICES, used an automatic telephone dialing system to call Plaintiff's private telephone number 872-588-9170, which is assigned to a paging service or cellular phone for which the Plaintiff is charged.

48. On September 20, 2012 at 1:36pm, GC SERVICES, placed a telephone call from 201-297-5557 to Plaintiff's private telephone number 872-588-9170, without prior express consent from Plaintiff.

49. On September 20, 2012 at 1:36pm, the debt collector calling from GC SERVICES did not identify the call being made as an attempt to collect a debt.

50. On September 20, 2012 at 1:36pm, the debt collector calling from GC SERVICES identified herself using a title and surname, but did not identify the company for whom she was calling.

51. On September 20, 2012 at 1:36pm, the debt collector calling from GC SERVICES left a message requesting that the Plaintiff return the call to 815-345-5128.

52. On September 22, 2012 at 9:28am, GC SERVICES, placed a telephone call from 201-297-5557 to Plaintiff's private telephone number 872-588-9170, which is assigned to a paging service or cellular phone for which the Plaintiff is charged..

53. On September 22, 2012 at 9:28am, GC SERVICES, used an automatic telephone dialing system to call Plaintiff's private telephone number 872-588-9170, which is assigned to a paging service or cellular phone for which the Plaintiff is charged.

54. On September 22, 2012 at 9:28am, GC SERVICES, placed a telephone call from 201-297-5557 to Plaintiff's private telephone number 872-588-9170, without prior express consent from Plaintiff.

55. On September 22, 2012 at 9:28am, the debt collector calling from GC SERVICES did not identify the call being made as an attempt to collect a debt.

56. On September 22, 2012 at 9:28am, the debt collector calling from GC SERVICES identified herself using a title and surname, but did not identify the company for whom she was calling.

57. On September 22, 2012 at 9:28am, the debt collector calling from GC SERVICES left a message requesting that the Plaintiff return the call to 630-246-4835.

58. On September 25, 2012 at 10:38am, GC SERVICES, placed a telephone call from 201-297-5557 to Plaintiff's private telephone number 872-588-9170, which is assigned to a paging service or cellular phone for which the Plaintiff is charged..

59. On September 25, 2012 at 10:38am, GC SERVICES, used an automatic telephone dialing system to call Plaintiff's private telephone number 872-588-9170, which is assigned to a paging service or cellular phone for which the Plaintiff is charged.

60. On September 25, 2012 at 10:38am, GC SERVICES, placed a telephone call from 201-297-5557 to Plaintiff's private telephone number 872-588-9170, without prior express consent from Plaintiff.

61. On September 25, 2012 at 10:38am, the debt collector calling from GC SERVICES did not identify the call being made as an attempt to collect a debt.

62. On September 25, 2012 at 10:38am, the debt collector calling from GC SERVICES identified herself using a title and surname, but did not identify the company for whom she was calling.

63. On September 25, 2012 at 10:38am, the debt collector calling from GC SERVICES left a message requesting that the Plaintiff return the call to 847-941-0715.

64. On January 10, 2013, Plaintiff obtained her consumer credit reports from Transunion credit reporting agency, and discovered that her personal file had been access by GC SERVICES, without Plaintiff's prior oral or written consent.

**COUNT I**
**VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681**
**WILLFUL AND/OR NEGLIGENT NON-COMPLIANCE BY DEFENDANT,**
**GC SERVICES LIMITED PARTNERSHIP**

65. Plaintiff alleges and incorporates the information in paragraphs 1 through 64.

66. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

67. Defendant is a person within the meaning of the FCRA, 15 U.S.C. §1681a(b).

68. Transunion is a credit-reporting agency with the meaning of the FCRA, 15 U.S.C §1681a(f).

69. Consumer credit report is a consumer report within the meaning of the FCRA, 15 §1681a(d).

70. The FCRA, 15 U.S.C. §1681b defines the permissible purposes for which a person may obtain a consumer credit report.

71. On September 6, 2012, Defendant, GC SERVICES, accessed the personal and/or private Transunion consumer credit report of Plaintiff.

72. Defendant, GC SERVICES, intruded into Plaintiff's privacy, and negatively impacted Plaintiff's valuable credit score in doing so, in obtaining said Transunion consumer report credit report in violation of the FCRA 15 U.S.C. §1681b(f) by doing so without oral or written consent from Plaintiff.

73. Defendant, GC SERVICES, intruded into Plaintiff's privacy, and negatively impacted Plaintiff's valuable credit score in doing so, in obtaining said Transunion consumer report credit report with no permissible purpose in violation of the FCRA 15 U.S.C. §1681b(f).

74. Such permissible purposes, as defined by 15 U.S.C. §1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

75. Plaintiff has no prior established business relationship with the Defendant, GC SERVICES.

76. Plaintiff has no business dealings or any accounts with Defendant, GC SERVICES.

77. Plaintiff has made no application for credit nor has any present or prior credit transaction with Defendant, GC SERVICES.

78. Plaintiff has made no application for employment with Defendant, GC SERVICES.

79. Plaintiff has not applied for insurance from Defendant, GC SERVICES.

80. Plaintiff has not received a bona fide offer of credit from Defendant, GC SERVICES.

81. At no time did Plaintiff give consent for Defendant, GC SERVICES, to acquire her consumer credit report from any credit-reporting agency.

82. The actions of Defendant, GC SERVICES in obtaining the consumer credit report of Plaintiff, intruding into the privacy of Plaintiff and negatively impacting Plaintiff's credit score with no permissible purpose and without Plaintiff's express consent was a willful violation of FCRA, 15 U.S.C. 1681b and an egregious violation of Plaintiff's right to privacy.

83. Defendant, GC SERVICES, had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer credit report and Defendant, GC SERVICES breached said duty by failing to do so.

84. Plaintiff is, therefore, entitled to damages for breach of said duty.

85. Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with

any requirement imposed under this title with respect to any consumer is liable to that consumer for a statutory amount for each willful or negligent violation, plus expenses and attorney fees.

**WHEREFORE**, Plaintiff demands judgment for statutory damages in the amount of $1,000 per violation against Defendant, GC SERVICES, for actual or statutory damages, and punitive damages, any attorney fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 WILLFUL AND/OR NEGLIGENT NON-COMPLIANCE BY DEFENDANT, GC SERVICES LIMITED PARTNERSHIP

86. Plaintiff alleges and incorporates the information in paragraphs 1 through 85.

87. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

88. Defendant GC SERVICES is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

89. Defendant, GC SERVICES, initially communicated with Plaintiff via a telephone call made to Plaintiff's telephone number 847-588-9170 on September 7, 2012.

90. Plaintiff received no written notice or written communication from Defendant, GC SERVICES at any time within the following 30 days after September 7, 2012.

91. Defendant, GC SERVICES, violated the Federal Debt Collection Practices Act 15 U.S.C. § 1692g, when Defendant, within five days after the initial communication with Plaintiff in connection with the collection of any debt, failed to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after

receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

92. GC SERVICES violated the Federal Debt Collection Practices Act 15 U.S.C. § 1692d (6), when Defendant placed a call to Plaintiff without meaningful disclosure of the caller's identity on September 7, 2012 at 9:45am, September 8, 2012 at 11:08am, September 12, 2012 at 9:21am, September 14, 2012 at 2:06pm, September 18, 2012 at 5:12pm, September 20, 2012 at 1:36pm, September 22, 2012 at 9:28am, and September 25, 2012 at 10:38am.

93. GC SERVICES violated the Federal Debt Collection Practices Act U.S.C. § 1692e (11) when the Defendant called and failed to disclose in the initial communication, which was oral communication, that the "debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."

### COUNT III
### VIOLATIONS OF THE TELEPHONE COMMUNICATIONS PROTECTION ACT 47 U.S.C. §227 WILLFUL AND/OR NEGLIGENT NON-COMPLAINCE BY DEFENDANT, GC SERVICES LIMITED PARTNERSHIP

94. Plaintiff alleges and incorporates the information in paragraphs 1 through 93.

95. Defendant, GC SERVICES, has demonstrated willful or knowing non-

compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone without prior express consent from Plaintiff, in an attempt to collect the subject alleged debt, on at least September 7, 2012 at 9:45am, September 8, 2012 at 11:08am, September 12, 2012 at 9:21am, September 14, 2012 at 2:06pm, September 18, 2012 at 5:12pm, September 20, 2012 at 1:36pm, September 22, 2012 at 9:28am, September 25, 2012 at 10:38am and, possibly, on additional dates and times which may be determined during discovery or at trial.

96. Defendant, GC SERVICES, has committed violations of 47 U.S.C. §227(b)(1)(A)(iii) and Plaintiff is entitled to statutory damages per violation pursuant to 47 U.S.C. §227(b)(3)(B).

97. Defendant, GC SERVICES, has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(B) by initiating a telephone call to the Plaintiff's number, which is assigned to a cellular telephone service, using an artificial or prerecorded voice message to deliver a message without prior express consent from Plaintiff for an alleged debt, on at least September 7, 2012 at 9:45am, September 8, 2012 at 11:08am, September 12, 2012 at 9:21am, September 14, 2012 at 2:06pm, September 18, 2012 at 5:12pm, September 20, 2012 at 1:36pm, September 22, 2012 at 9:28am, September 25, 2012 at 10:38am and, possibly, on additional dates and times which may be determined during discovery or at trial.

98. Defendant. GC SERVICES, has committed violations of 47 U.S.C. §227(b)(1)(B) and Plaintiff is entitled to statutory damages for each violation pursuant to 47 U.S.C. §227(b)(3)(B).

99. Defendant, GC SERVICES, has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by calling the Plaintiff's number 872-588-9170, which is assigned to a cellular telephone service, on at least September 7, 2012 at 9:45am, September 8, 2012 at 11:08am, September 12, 2012 at 9:21am, September 14, 2012 at 2:06pm, September 18, 2012 at 5:12pm, September 20, 2012 at 1:36pm, September 22, 2012 at 9:28am, September 25, 2012 at 10:38am and, possibly, on additional dates and times which may be determined during discovery or at trial.

100. At no time did Plaintiff grant Defendant, GC SERVICES, prior express consent to call Plaintiffs cellular telephone for the subject alleged debt account.

101. The telephone call made by Defendant, GC SERVICES, is subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as it was intentionally made to a number other than Plaintiff's published home telephone number.

102. Defendant, GC SERVICES, had a duty to ascertain whether or not said telephone number 872-588-9170 was assigned to a paging service and cellular service for which Plaintiff is charged for the calls.

103. Defendant, GC SERVICES, showed blatant disregard for Plaintiff's expenses in intentionally placing the cellular telephone call using an automatic telephone dialing system on at least September 7, 2012 at 9:45am, September 8, 2012 at 11:08am, September 12, 2012 at 9:21am, September 14, 2012 at 2:06pm, September 18, 2012 at 5:12pm, September 20, 2012 at 1:36pm, September 22, 2012 at 9:28am, September 25, 2012 at 10:38am and, possibly, on additional dates and times which may be determined during discovery or at trial.

104. Defendant, GC SERVICES, additionally showed blatant disregard for Plaintiff's expenses in intentionally leaving a prerecorded voice messages on Plaintiff's cellular telephone, all initiated using an automatic telephone dialing system, on at least September 7, 2012 at 9:45am, September 8, 2012 at 11:08am, September 12, 2012 at 9:21am, September 14, 2012 at 2:06pm, September 18, 2012 at 5:12pm, September 20, 2012 at 1:36pm, September 22, 2012 at 9:28am, September 25, 2012 at 10:38am and, possibly, on additional dates and times which may be determined during discovery or at trial.

105. For blatant disregard and breach of said duty demonstrated by Defendant, GC SERVICES, Plaintiff is entitled to damages as an intentional call carries a statutory damage per violation pursuant to 47 U.S.C. §227(b)(3).

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant, GC SERVICES, for statutory damages of $1,500 per violation, and punitive damages, any attorney's fees and costs pursuant to 47 U.S.C §227.

### COUNT IV
### VIOLATION OF NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT (NCFDCPA) §58-70-110(2) WILLFUL AND/OR NEGLIGENT NON-COMPLAINCE BY DEFENDANT, GC SERVICES LIMITED PARTNERSHIP

106. Plaintiff alleges and incorporates the information in paragraphs 1 through 105.

107. Plaintiff is a consumer within the meaning of N.C. Gen. Stat. §58-70-90(2).

108. Defendant, GC SERVICES, is collection agency within the meaning of N.C. Gen. Stat. §58-70-90(1).

109. Defendant, GC SERVICES, violated N.C. Gen. Stat. §58-70-110(2) by communicating with the Plaintiff other than in the name of the person making the communication, the collection agency and the business on whose behalf the collection agency was acting or to whom the alleged debt was owed on at least September 7, 2012 at 9:45am, September 8, 2012 at 11:08am, September 12, 2012 at 9:21am, September 14, 2012 at 2:06pm, September 18, 2012 at 5:12pm, September 20, 2012 at 1:36pm, September 22, 2012 at 9:28am, September 25, 2012 at 10:38am and, possibly, on additional dates and times which may be determined during discovery or at trial.

110. Defendant, GC SERVICES, violated N.C. Gen. Stat. §58-70-110(2) by leaving a recorded message and not identifying the name of the collection agency on at least September 7, 2012 at 9:45am, September 8, 2012 at 11:08am, September 12, 2012 at 9:21am, September 14, 2012 at 2:06pm, September 18, 2012 at 5:12pm, September 20, 2012 at 1:36pm, September 22, 2012 at 9:28am, September 25, 2012 at 10:38am and, possibly, on additional dates and times which may be determined during discovery or at trial.

111. Defendant, GC SERVICES, violated N.C. Gen. Stat. §58-70-110(2) by leaving a recorded message and not identifying the business on whose behalf the collection agency was acting or to whom the alleged debt was owed on at least September 7, 2012 at 9:45am, September 8, 2012 at 11:08am, September 12, 2012 at 9:21am, September 14, 2012 at 2:06pm, September 18, 2012 at 5:12pm, September 20, 2012 at 1:36pm, September 22, 2012 at 9:28am, September 25, 2012 at 10:38am and, possibly, on additional dates and times which may be determined during discovery or at trial.

112. Defendant, GC SERVICES, had a duty not to deceptively mislead or misrepresent the identity of the caller when communicating with Plaintiff on at least September 7, 2012 at 9:45am, September 8, 2012 at 11:08am, September 12, 2012 at 9:21am, September 14, 2012 at 2:06pm, September 18, 2012 at 5:12pm, September 20, 2012 at 1:36pm, September 22, 2012 at 9:28am, September 25, 2012 at 10:38am and, possibly, on additional dates and times which may be determined during discovery or at trial.

113. Defendant, GC SERVICES, showed blatant disregard for the North Carolina Fair Debt Collection Practices Act when communicating with Plaintiff on at least September 7, 2012 at 9:45am, September 8, 2012 at 11:08am, September 12, 2012 at 9:21am, September 14, 2012 at 2:06pm, September 18, 2012 at 5:12pm, September 20, 2012 at 1:36pm, September 22, 2012 at 9:28am, September 25, 2012 at 10:38am and, possibly, on additional dates and times which may be determined during discovery or at trial.

114. For blatant disregard and breach of said duty demonstrated by Defendant, GC SERVICES, Plaintiff is entitled to damages as an intentional call carries a statutory damage pursuant to N.C. Gen. Stat. §58-70-130(c).

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant, GC SERVICES, for statutory damages of $4,000 per violation, and punitive damages, any attorney's fees and costs, pursuant to N.C. Gen. Stat. §58-70-130(c).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 6th of May, 2013

*/s/ Marian S Gibbons*

MARIAN S GIBBONS
1414 Tumbling Stone Way
Garner, NC 27529
(872) 588-9170
msnow20@gmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she served the foregoing document on the following via first class mail, postage prepaid as follows:

Caren D. Enloe
Of Morris, Manning & Martin, LLP.
P. O. Box 12768
Research Triangle Park, NC 27709
cenloe@mmmlaw.com

Counsel for Defendant

*GC Services Limited Partnership*

This 6th day of May 2013

*[signature]*

MARIAN S GIBBONS
1414 Tumbling Stone Way
Garner, NC 27529
(872) 588-9170
msnow20@gmail.com