IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-84-BO

| | |
|---|---|
| MARIAN S. GIBBONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **SCHEDULING ORDER** |
| ) | |
| GC SERVICES LIMITED PARTNERSHIP, ) | |
| ) | |
| Defendant. ) | |

The court has considered the parties' Proposed Joint Discovery Plan (D.E. 26) ("Discovery Plan") filed 4 June 2013 and annexed hereto. The court finds the Discovery Plan to be reasonable. Accordingly, the Discovery Plan is APPROVED, subject to the changes reflected herein.

Critical deadlines are as follows:

1. All discovery shall be commenced in time to be completed by 25 November 2013.

2. Reports from retained experts are due from plaintiff by 9 August 2013 and from defendant by 9 September 2013.

3. Any potentially dispositive motions shall be filed by 30 December 2013.

4. The trial date will be set in a separate order by District Judge Terrence W. Boyle. Pursuant to the 20 August 2002 Standing Order entered by Judge Boyle (posted as no. 02-JP-1-BO on Judge Boyle's practice preferences page), the court reserves the right to schedule the case for trial as early as 30 days after the dispositive motion deadline.

The remaining portions of the Discovery Plan not modified herein are ADOPTED as the court's Order.

Supplementation under Fed. R. Civ. P. Rule 26(e) must be made promptly after receipt of the information by the supplementing party. In addition, motions to join additional parties and to amend pleadings must be made no later than 15 July 2013. Nothing in this Order shall relieve any party of any requirement to obtain court approval prior to joining a party or amending its pleadings. Any motion to amend filed after the deadlines set in this Order must meet the standards of Fed. R. Civ. P. 15 and 16.

Counsel are cautioned not to be dilatory in pursuing discovery. Motions for extension of discovery deadlines are not favored if they would require a continuance of the trial.

Any party that makes an appearance after this Order has been entered shall be required to confer with opposing counsel and make disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within 21 days after the party's appearance. Such party shall be bound by the terms of this Order unless the party moves for and obtains amendment of this Order by the court.

This case is not subject to mandatory mediation, pursuant to Local Civil Rule 101.1a(b), E.D.N.C. The parties are reminded that on request the court will assist with settlement negotiations or other alternative dispute resolution, such as a court-hosted settlement conference or summary jury trial, by making available a judge other than the trial judge to explore these possibilities. In their Discovery Plan, the parties indicate their intention to participate in mediation. If that is their intention, they shall timely file an appropriate motion for such relief.

SO ORDERED, this the 7th day of June 2013.

James E. Gates
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
C.A. No. 5:13-cv-00084-BO

MARIAN S. GIBBONS,

    Plaintiff,

v.

GC SERVICES LLC; GC
SERVICES CORP.; GC SERVICES
LIMITED PARTNERSHIP; GC
SERVICES INTERNATIONAL LLC

    Defendants.

## PROPOSED JOINT DISCOVERY PLAN

1.    Pursuant to Fed R. Civ. P. 26(f), a meeting was held on May 17, 2013 via telephone conference, and was attended by the plaintiff, pro se and counsel for GC Services Limited Partnership, Caren D. Enloe.

2.    **Pre-Discovery Disclosures.** The parties stipulate and agree to exchange information encompassed by Fed R. Civ. P. 26(a)(1) by no later than May 31, 2013.

3.    **Nature and Complexity of the Case.** The plaintiff filed suit alleging violations of the Fair Credit Reporting Act, Telephone Consumer Protection Act, and North Carolina Fair Debt Collection Practices Act. The plaintiff seeks damages in an unspecified amount. Defendant denies that violations of the statutes have occurred. The plaintiff has moved to amend the Complaint to add claims under the Federal Fair Debt Collection Practices Act. The defendant will oppose the motion to amend as futile.

4.    **Discovery Plan.** The parties propose to the Court the following discovery plan:

a. Discovery will be needed on the following subjects: relevant nonprivileged information, testimony and documents going toward the allegations advanced by the Plaintiff and the denials and defenses of the Defendant.

b. All discovery commenced in time to be completed by November 25, 2013.

c. Maximum of 25 interrogatories by each party to any other party.

d. Maximum of 25 requests for admissions by each party to any other party.

e. Maximum of 4 depositions by each party. Depositions of corporate representatives deposed pursuant to F.R.C.P. Rule 30(b)(6) shall be taken in the city and state of the deponent corporation's principal place of business.

f. Pursuant to F.R.C.P. Rule 35, the defendant shall have until October 21, 2013 to make any requests to the Court for an order for Physical or Mental Examination of the Plaintiff.

g. Reports from retained experts under Rule 26(a)(2) along with a list of each expert's available dates for depositions are due during the discovery period: From Plaintiff by August 9, 2013. From Defendant by September 9, 2013.

h. Supplementations under Rule 26(e) are due seasonably during the discovery period from all parties.

5. **Other items.**

    a. Discovery of electronic information will be handled as follows: to the extent that any non-privileged electronically stored information is discoverable and requested the producing party will provide hard copies of the information printed from the original source of the stored information, i.e. the producing party's computer system rather than the producing attorney's system.

b. The parties request a pretrial conference in March, 2014.

c. All potentially dispositive motions should be filed by December 30, 2013.

d. Settlement will be evaluated on an ongoing basis by all parties working in good faith and may be enhanced by the use of mediation.

e. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from the Plaintiff 30 days before the final pretrial conference and from Defendants 20 days before the final pretrial conference. The parties shall have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

f. The case should be ready for trial by April, 2014. Trial of this action is expected to take approximately 2-3 days.

g. Mediation shall take place in this matter after any dispositive motions have been ruled upon and prior to any pretrial conference pursuant to Local Rule 101.2.

h. The parties have discussed special procedures for managing the case, including referral to a Magistrate Judge, and the parties cannot reach unanimous agreement as to the referral of the case to a Magistrate Judge.

i. All parties agree to implement the provisions of Rule 26(b)(5)(B) to protect any information produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material.

This the 21st day of May, 2013.

_____

Marian S. Gibbons, pro se
1414 Tumbling Stone Way
Garner NC 27529
872-588-9170

*Caren D. Enloe* (signature)

Caren D. Enloe
Of Morris, Manning & Martin, LLP
NC State Bar No. 17394
PO Box 12768
Research Triangle Park, NC 27709
Telephone: (919)806-2969
Telefacsimile: (919)806-2057
cenloe@mmmlaw.com
*Counsel for Defendant GC Services Limited Partnership*

8094324 v1

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she served the foregoing document on the following via first class mail, postage prepaid as follows:

Marian S. Gibbons
1414 Tumbling Stone Way
Garner NC 27529

This the 4th day of June, 2013.

/s/ Caren D. Enloe
Caren D. Enloe
Of Morris, Manning & Martin, LLP
NC State Bar No. 17394
PO Box 12768
Research Triangle Park, NC 27709
Telephone: (919)806-2969
Telefacsimile: (919)806-2057
cenloe@mmmlaw.com
*Counsel for Defendants GC Services Limited Partnership*