IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 5:13-CV-00084-BO

MARIAN S. GIBBONS,                          )
                                            )
        Plaintiff,                          )
                                            )
v.                                          )
                                            )        **O R D E R**
GC SERVICES LLC; GC SERVICES CORP.;         )
GC SERVICES LIMITED PARTNERSHIP;            )
GC SERVICES INTERNATIONAL LLC               )
                                            )
        Defendants.                         )

This matter is before the Court on defendants' motions to dismiss [DE 8 and 9] and

plaintiff's motion for leave to file amended complaint [DE 23]. The motions are ripe for

adjudication. For the reasons stated herein, defendant GC Services Limited Partnership's ("GC")

motion to dismiss [DE 8] is GRANTED in part and DENIED in part, and defendants GC

Services LLC, GC Services Corp., and GC Services International LLC's motion to dismiss [DE

9] is DENIED as moot. Plaintiff's motion for leave to file amended complaint is DENIED in part

and GRANTED in part.

## BACKGROUND

Plaintiff is proceeding in this matter *pro se*. Plaintiff filed her suit on February 4, 2013

against defendants. The allegations of the complaint focus around a single credit report "pull" by

"GC Services" on September 8, 2012. The complaint alleges identical allegations as to each

defendant and sets forth identical claims as to each under the Fair Credit Reporting Act, 15

U.S.C. § 1681 (2012), the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the North

Carolina Debt Collection Act, N.C.G.S.§ 75-50 et seq. On April 15, 2013, GC Services Limited

Partnership filed a motion to dismiss claims II and V of the complaint pursuant to FED. R. CIV. P. 12(b)(6). On that date, the other defendants also filed a motion to dismiss counts III, VI, VII, X, and XI pursuant to FRCP 12(b)(6). On May 6, 2013 plaintiff voluntarily dismissed defendants GC Services LLC, GC Services Corp., and GC Services International LLC and claims I, III, IV, VI, VII, VIII, X, and XI. On May 7, 2013, plaintiff filed her motion for leave to file an amended complaint.

GC Services Limited Partnership ("GC") is a privately held limited partnership. GC is authorized to transact business in North Carolina and holds a collection agency license issued by the North Carolina Department of Revenue. GC was misdesignated as GC Services LLC.

Plaintiff alleges that "GC Services" obtained access to plaintiff's credit report on April 6, 2012. Plaintiff alleges that GC did not have a prior established business relationship with her, GC did not make a bona fide offer of credit to her, GC was not a current creditor of her, GC was not monitoring a current consumer account, plaintiff did not place a mortgage application with GC, and plaintiff never initiated a credit transaction with GC.

Plaintiff alleges receiving two phone calls on September 7, 2012 at 9:45 a.m. and on September 8, 2012 at 11:08 a.m. She contends the calls were made by GC to a telephone number assigned to a cellular phone and the calls were made with an automated dialing system without the prior express consent of the plaintiff.

## DISCUSSION

I.    GC SERVICES INTERNATIONAL, LLC, GC SERVICES CORP., AND GC SERVICES, LLC.

Plaintiff voluntarily dismissed defendants GC Services International, LLC, GC Services Corp., and GC Services, LLC from her complaint. Plaintiff also voluntarily dismissed counts III,

2

VI, VII, X, and XI from her complaint. Accordingly these defendants' motion to dismiss [DE 9] is denied as moot.

## II. GC'S MOTION TO DISMISS COUNTS II AND V.

Defendant has moved to dismiss plaintiffs' complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Accordingly, to survive a Rule 12(b)(6) motion, a complaint must contain facts sufficient "to raise a right to relief above the speculative level" and to satisfy the court that the claim is "plausible on its face." *Id.* at 555, 570.

In *Iqbal*, the Court articulated a two step process by which a court should determine whether a complaint meets the plausibility standard. First, the court should identify allegations, which because they are conclusory, are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at

3

680. Secondly, when there are well pleaded factual allegations, a court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 681.

        A.     Count II.

        As applied to count II of the complaint, there are several conclusory statements that are not entitled to a presumption of truth. Allegations such as plaintiff's that allege defendant "intruded into plaintiff's privacy in obtaining said . . . report with no permissible purpose in violation of the FRCA 15 U.S.C. § 1681b(f)," and that deny any prior business dealings or accounts with defendant are conclusory and fail to establish that the defendant's activities were impermissible. *See Tonini v. Mandarich Law Group, LLP*, 2012 WL 2726761 (S.D. Cal. July 9, 2012) (concluding plaintiff failed to allege sufficient facts); *Pyle v. First Nat'l. Collection Bureau*, 2012 WL 1413970 (E.D. Cal. April 23, 2012) (finding conclusory statements which alleged defendant violated 15 U.S.C. § 1681b by obtaining plaintiff's consumer report without a permissible purpose were insufficient); *Hinkle v. CBE Group*, 2012 WL 681468 (S.D. Ga. Feb. 3, 2012) (holding that plaintiff failed to explain how defendant violated the FCRA); *Boston v. Collection Co. of Am.*, 2013 WL 170401 (W.D.N.C. Jan. 16, 2013) (finding plaintiff's complaint only included conclusory statements that defendant violated the FRCA and granting defendant's motion to dismiss). The complaint fails to set forth any facts which suggest that defendant's use of the credit report was impermissible. A collection agency is permitted to obtain a consumer report if the agency is doing so for the purpose of debt collecting. *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011). It is not necessary that a plaintiff have direct dealings with a defendant in order for the defendant to lawfully obtain a consumer report. Plaintiff has failed to meet her burden under FRCP 12(b)(6). Accordingly, defendant's motion to dismiss is granted as to count II of the complaint.

4

B.    Count V.

Count V of the complaint asserts that GC violated the TCPA by making calls to plaintiff's cellular phone using an automated telephone dialing system without plaintiff's prior express consent. This is a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Such a recital does not satisfy the plaintiff's burden under FRCP 12(b)(6). *Id.* However, plaintiff goes further than this threadbare recital in her complaint. She specifically alleges that prerecorded voice messages were left on her phone by defendant. Although defendant urges the Court to look to an affidavit it supplied with its motion to dismiss, the Court cannot do that at this stage.  As a general rule extrinsic evidence should not be considered at the 12(b)(6) stage. *Am. Chiropractic Ass'n. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2006). The only exception to this rule is when the attached document "was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Id.* Plaintiff has alleged specific facts supporting her claim here and the Court will not rely on defendant's denials at this stage. Accordingly, defendant's motion to dismiss is denied as to count V of the complaint.

III.    PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT.

Leave to amend should be freely given when justice so requires. FED. R. CIV. P. 15. However, the right to amend is not unfettered. "[L]eave to amend a pleading should be denied only when . . . the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). A proposed amendment is futile when "it advances a claim or defense that is legally insufficient on its face." *Joyner v. Abbott Labs.*, 674 F. Supp. 185, 190 (E.D.N.C. 1987).

A.    Removal of Parties.

Although unnecessary because plaintiff earlier dismissed the claims against all defendants other than GC, plaintiff has amended the complaint to eliminate the allegations and claims against GC Services Corp., GC Services International, LLC, and GC Services LLC. Defendant has no objection and, accordingly, plaintiff's motion for leave to file amended complaint is granted to remove those allegations and claims.

B.    Count I of the Amended Complaint.

Count I of the amended complaint is essentially a restatement of count II of the original complaint. Because this Court has dismissed count II of the original complaint pursuant to FRCP 12(b)(6), *see infra* Part II.A., plaintiff's amendment here is futile. Accordingly, plaintiff's motion for leave to file amended complaint is denied as to count I of the amended complaint.

C.    Count II of the Amended Complaint.

Defendant argues that allowing plaintiff to amend her complaint to add a claim against GC pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (2012), is futile because the allegations set forth do not sufficiently allege a claim under the FDCPA. Under the FDCPA, a debt is an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). In order to prevail on a FDCPA claim, plaintiff must prove that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Dikun v. Streich*, 369 F. Supp. 781, 784–85 (E.D. Va. 2005); *see also Perez v. Slutsky*, 1994 WL 698519 at *2 (N.D. Ill. Dec. 12, 1994) (holding "[i]n order to state a claim

6

under the FDCPA, a plaintiff must allege that the debt giving rise to the cause of action is an offer or extension of credit covered by the FDCPA.").

Here, plaintiff has not alleged that the debt to be collected is consumer debt or that it is primarily for personal, family, or household purposes. In fact, plaintiff denies the existence of any debt at all. Because count II of plaintiff's proposed amended complaint fails to state a claim for which relief may be granted, it is futile to allow her to amend the complaint. Accordingly, plaintiff's motion for leave to file amended complaint is denied as to count II of the amended complaint.

D.     Count III of the Amended Complaint.

Count III of the amended complaint restates count V of the original complaint. Since this Court held that count V of the original complaint was properly alleged, *see infra* Part II.B., plaintiff's motion for leave to file amended complaint is granted regarding count III of the amended complaint.

E.     Count IV of the Amended Complaint.

Defendant has raised no challenge to count IV of the amended complaint. Accordingly this Court grants plaintiff's motion for leave to file amended complaint as to count IV of the amended complaint.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 8] is GRANTED in part and DENIED in part. Defendants GC Services LLC, GC Services Corp., and GC Services International LLC's motion to dismiss [DE 9] is DENIED as moot. Plaintiffs' motion for leave to file amended complaint is GRANTED in PART and DENIED in part. Count II of the original

complaint and counts I and II of the amended complaint are hereby DISMISSED. Counts III and

IV of the amended complaint are allowed to PROCEED.


SO ORDERED.

This the __23__ day of September, 2013.


TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

8