IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-00084-BO

| | |
|---|---|
| MARIAN S. GIBBONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| GC SERVICES LIMITED PARTNERSHIP, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on plaintiff's motion to compel [DE 38]. The motion is ripe. For the following reasons, the motion is DENIED.

## BACKGROUND

Plaintiff is proceeding in this matter *pro se*. Plaintiff filed her suit on February 4, 2013 against defendants. On September 24, 2013, this Court granted in part and denied in part defendant's motion to dismiss and plaintiff's motion for leave to file an amended complaint. Counts III and IV of the amended complaint currently remain before this Court.

After the Court's ruling, plaintiff proceeded to begin the discovery process. On November 4, 2013, plaintiff served upon counsel for GC a notice of 30(b)(6) depositions, a Rule 34 request to inspect, and subpoenas addressed to Maria Garzes and Paul Grover. Plaintiff also caused to be issued, the first Jackson subpoena, but never served a copy of the same on counsel for plaintiff.

On November 6, 2013, counsel for GC and plaintiff conducted a telephone conference to discuss GC's concerns and objections to the 30(b)(6) notice, the Rule 34 request, and the subpoenas, pursuant to FED. R. CIV. P. 37 and Local Civil Rule 7.1(c). Upon completion of the

telephone conference, counsel for GC sent plaintiff via email and U.S. Mail the letter attached to the motion to quash as exhibit I, reiterating the deficiencies with, and GC's objections to the 30(b)(6) notice, the Rule 34 request, and the subpoenas.

On November 6, 2013, plaintiff served upon counsel for GC the second Garzes subpoena, the second Grover subpoena, and the second Jackson subpoena. These subpoenas purport to be issued by the Eastern District of Texas, but defendant alleges that they were signed by Marion Hartman, and employee of the Eastern District of North Carolina. On November 15, 2013, this Court quashed the subpoenas sua sponte, excused defendant from responding to a Rule 34 request, excused defendant from responding to the document request associated with a Rule 30(b)(6), and extended the discovery deadline.

## DISCUSSION

I. MOOTNESS.

This Court excused defendant from responding to the Rule 34 request to which plaintiff seeks to compel an answer because that request was improperly filed. Accordingly, plaintiff's motion to compel is denied as moot as it applies to the rule 34 request. The court also quashed the subpoenas to which plaintiff seeks to compel compliance. Accordingly, plaintiff's motion to compel is denied as moot as it applies to the subpoenas.

II. 30(b)(6) DEPOSITION.

FED. R. CIV. P. 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be

2

permitted or fails to permit inspection – as requested under Rule 34." As the motion to compel was filed before the Rule 30(b)(6) deposition took place, none of the requisite events have occurred to justify a motion to compel for failure to comply with a Rule 30(b)(6) deposition. As such it is premature and unfounded.

    III.    EXPENSES AND COSTS.

Defendant requests that it should be awarded its expenses and costs pursuant to FED. R. CIV. P. 37(a)(5)(B) because plaintiff's motion is improper and unfounded. However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust. The Court finds that plaintiff's pro se status, and defendant's general uncooperativeness with plaintiff's discovery requests would make an award of expenses and costs unjust.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion to compel is DENIED. No expenses and costs are awarded.

SO ORDERED.

This the **20** day of November, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3